# Exhibit 1

DocuSign Envelope ID: C5BFD604-9402-4C47-8DBA-CF5BAD4BDC04



**U.S. Small Business Administration**

# NOTE

| SBA Loan # | PLP - 2620807009 |
|---|---|
| SBA Loan Name | BLACK DRAGON, LLC d/b/a Black Dragon Meadery and DRAGONBYTE LLC |
| Date | 06/04/18 |
| Loan Amount | $75,000.00 |
| Interest Rate | Wall St. Prime (Quarterly) + 2.75 % |
| Borrower | BLACK DRAGON, LLC d/b/a Black Dragon Meadery and DRAGONBYTE LLC |
| Operating Company | N/A |
| Lender | Independence Bank |

1.  PROMISE TO PAY:

In return for the Loan, Borrower promises to pay to the order of Lender the amount of

Seventy-Five Thousand and No/100 _____ Dollars,

interest on the unpaid principal balance, and all other amounts required by this Note.

2.  DEFINITIONS:

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

"Guarantor" means each person or entity that signs a guarantee of payment of this Note.

"Loan" means the loan evidenced by this Note.

"Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

"SBA" means the Small Business Administration, an Agency of the United States of America.



DocuSign Envelope ID: C5BFD604-9402-4C47-8DBA-CF5BAD4BDC04

3.   PAYMENT TERMS:

Borrower must make all payments at the place Lender designates. The payment terms for this Note are:

The interest rate on this Note will fluctuate.  The initial interest rate is 7.50% per year.  This initial rate is the prime rate in effect on the first business day of the month in which SBA received the loan application, plus 2.75%.  The initial interest rate must remain in effect until the first change period begins unless reduced in accordance with the SOP 50 10.

Borrower must pay principal and interest payments of $890.27 every month, beginning August 1, 2018, and continuing each month thereafter, payments must be made on the first calendar day in the months they are due.

Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce the principal.

The interest rate will be adjusted every calendar quarter (the "change period"), beginning July 1, 2018.  The "Prime Rate" is the prime rate in effect on the first business day of the month (as published in the Wall Street Journal) in which SBA received the application, or any interest rate change occurs.  Base Rates will be rounded to two decimal places with .004 being rounded down and .005 being rounded up.

The adjusted interest rate will be 2.75% above the Prime Rate.  Lender will adjust the interest rate on the first calendar day of each change period.  The change in interest rate is effective on that day whether or not Lender gives borrower notice of the change.

The spread as identified in the Note may not be changed during the life of the Loan without the written agreement of the Borrower. For variable rate loans, the interest rate adjustment period may not be changed without the written consent of the Borrower. Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the note.

If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default.  If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase.

Loan Prepayment:
Notwithstanding any provision in the Note to the contrary:
Borrower may prepay this Note.  Borrower may prepay 20% or less of the unpaid principal balance at any time without notice.  If Borrower prepays more than 20% and the Loan has been sold on the secondary market, borrower must: (a) give Lender written notice; (b) pay all accrued interest; and (c) if prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal 21 days' interest from the date Lender received the notice, less any interest accrued during the 21 days and paid under subparagraph b above.

If Borrower does not prepay within 30 days from the date Lender received the notice, Borrower must give Lender a new notice. All remaining principal and accrued interest is due and payable ten (10) years from the date of Note. Late Charge:  If a payment on this Note is more than 10 days late, Lender may charge the Borrower a late fee of up to 5% of the unpaid portion of the regularly scheduled payment.

*PDP* [DS]

SBA Form 147 (05/05/03) Version 4.1                    This form was electronically produced by PCFS Solutions

DocuSign Envelope ID: C5BFD604-9402-4C47-8DBA-CF5BAD4BDC04

4.  DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

A.  Fails to do anything required by this Note and other Loan Documents;

B.  Defaults on any other loan with Lender;

C.  Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;

D.  Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;

E.  Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;

F.  Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;

G.  Fails to pay any taxes when due;

H.  Becomes the subject of a proceeding under any bankruptcy or insolvency law;

I.  Has a receiver or liquidator appointed for any part of their business or property;

J.  Makes an assignment for the benefit of creditors;

K.  Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;

L.  Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or

M.  Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.

5.  LENDER'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, Lender may:

A. Require immediate payment of all amounts owing under this Note;

B. Collect all amounts owing from any Borrower or Guarantor;

C. File suit and obtain judgment;

D. Take possession of any Collateral; or

E. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6.  LENDER'S GENERAL POWERS:

Without notice and without Borrower's consent, Lender may:

A.  Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;

B.  Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;

C.  Release anyone obligated to pay this Note;

D.  Compromise, release, renew, extend or substitute any of the Collateral; and

E.  Take any action necessary to protect the Collateral or collect amounts owing on this Note.



DocuSign Envelope ID: C5BFD604-9402-4C47-8DBA-CF5BAD4BDC04

7.  WHEN FEDERAL LAW APPLIES:

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8.  SUCCESSORS AND ASSIGNS:

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.

9.  GENERAL PROVISIONS:

A.  All individuals and entities signing this Note are jointly and severally liable.
B.  Borrower waives all suretyship defenses.
C.  Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.
D.  Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.
E.  Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.
F.  If any part of this Note is unenforceable, all other parts remain in effect.
G.  To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

DocuSign Envelope ID: C5BFD604-9402-4C47-8DBA-CF5BAD4BDC04

10.  STATE-SPECIFIC PROVISIONS:

None

PDP

DocuSign Envelope ID: C5BFD604-9402-4C47-8DBA-CF5BAD4BDC04

11.  BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.

BLACK DRAGON, LLC d/b/a Black Dragon Meadery

| Signature: | | Date: |
|---|---|---|

DocuSigned by:

*Paul D. Peterson*

23880B2418CF410...

Paul D. Peterson                                    Manager/Member          6/5/2018

DRAGONBYTE LLC

| Signature: | | Date: |
|---|---|---|

DocuSigned by:

*Paul D. Peterson*

23880B2418CF410...

Paul D. Peterson                                    Manager/Member          6/5/2018

# ASSIGNMENT

U.S. Small Business Administration

FOR VALUE RECEIVED, in accordance with SBA Form 750 executed by

Name of Lender:    Independence Bank

("Lender" or "Assignor"),  and in accordance with Loan Program Requirements, as that term is defined in 13 C.F.R. Part 120, Lender assigns, grants, conveys and transfers to the Assignee, the U.S. Small Business Administration ("SBA"), all right, title and interest in and to  SBA 7(a) Loan

Number: 2620807009     made to  Name of Borrower: Black Dragon, LLC d/b/a Black Dragon Meadery on  Date:    05/30/2018   , including all Loan Documents, Loan Instruments, and any associated security instruments, mortgages or deeds of trust (the "Loan").

Assignor authorizes the United States of America on behalf of the SBA to ask, demand, receive, collect, sue and take all lawful actions for recovery of the moneys due or to become due on this Loan, and further that the United States of America on behalf of the SBA may avail itself of its remedies under 31 U.S.C. § 3701, et seq., and/or any other remedies available at law or equity for collection of the Loan and the claim or debt evidenced by the Loan.

Assignor has not done and will not do anything to hinder or prevent the United States of America on behalf of the SBA from enforcing recovery on this Loan.  Assignor agrees to timely execute such other documents as are requested by SBA to effectuate recordation or as otherwise requested by SBA to assist it in collection of the Loan.  Any proceeds, payment or value of any kind with respect to the Loan or obligations secured or evidenced thereby that are received by Assignor or Assignee shall continue to be shared in accordance with the SBA Form 750 guarantee agreement covering this loan. The Assignor agrees that SBA reserves all rights and authority under 13 C.F.R. Part 120, including without limitation under 13 C.F.R. § 120.524.  This Assignment shall be interpreted and construed under federal law.

The Assignor's address is:

| Lender Name | Independence Bank |
| --- | --- |
| Address | 1370 South County Trail |
| City | East Greenwich |
| State | RI |
| Zip | 02818 |

The Assignee address is: United States of America, Small Business Administration,
(Please mark the applicable address)

National Guaranty Purchase Center (NGPC)
☐ 1145 Herndon Parkway Suite 900
Herndon, VA 20170

Commercial Loan Service Center (CLSC) - AR
☐ 2120 Riverfront Drive Suite 100
Little Rock, AR 72202

Commercial Loan Service Center (CLSC) - CA
☒ 801 R Street Suite 101
Fresno, CA 93721

In witness whereof, Lender, through its authorized representative and officer listed below, has executed this instrument on  Date:  8-30-2021

Name of Lender: Independence Bank

BY:  Karen Bassette

Title:  Vice President

Address  1370 South County Trail

City  East Greenwich

State  RI

Zip Code  02818

Signed, sealed and delivered in the presence of:

NOTARY PUBLIC

Commission Expires:  2/20/2022

KEVIN RYAN CLIFF
Notary Public, State of Rhode Island
My Commission Expires Feb. 20, 2022
Commission # 756245

BLACK DRAGON, LLC d/b/a Black Dragon Meadery and DRAGONBYTE LLC
SBA Number: PLP 262 080 7009 46    Grty %:    85.0000
Loan Amount:    75,000.00    Basis: Actual/365    Maturity Date:06/04/2028
Interest Rate:VARIABLE    Wall St. Prime (Quarterly)    Plus    2.7500    %
1st Payment date:    08/01/2018
Next Payment date:    05/01/2021

**PLEASE NOTE:** The "Interest To" date, on this Transcript, is the date the Interest is paid TO, but does NOT include that date. The interest for the "Interest To" date is paid with the next payment.

This is a true and certified copy of the original.

<ins>08/04/2021</ins>    INDEPENDENCE BANK
Date    Lender

By: *Catherine J. Collard*
Catherine J. Collard
VP Fin'l Loan Servicing

| Date | Description | Amount | Principal Red | Interest Red | New Principal | Interest From | Interest To | Next Due | Interest Rate | O/S | Late Chg | Misc Fees | Escrow | Reference | Who |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/04/2018 | Prepaid Interest | 416.10 | 0.00 | 0.00 | 0.00 | | | 08/01/2018 | 7.5 | 0 | 0 | 0 | 0 | Auto | TGLANTZ |
| 08/01/2018 | Payment | 906.00 | -443.16 | -462.84 | 74,556.84 | 07/02/2018 | 08/01/2018 | 09/01/2018 | 7.75 | 0 | 0 | 0 | 0 | AutoBill | |
| 09/04/2018 | Payment | 906.00 | -367.76 | -538.24 | 74,189.08 | 08/01/2018 | 09/04/2018 | 10/01/2018 | 7.75 | 0 | 0 | 0 | 0 | AutoBill | |
| 10/01/2018 | Payment | 906.00 | -480.69 | -425.31 | 73,708.39 | 09/04/2018 | 10/01/2018 | 11/01/2018 | 8 | 0 | 0 | 0 | 0 | AutoBill | |
| 11/01/2018 | Payment | 915.00 | -414.18 | -500.82 | 73,294.21 | 10/01/2018 | 11/01/2018 | 12/01/2018 | 8 | 0 | 0 | 0 | 0 | AutoBill | |
| 12/03/2018 | Payment | 915.00 | -400.94 | -514.06 | 72,893.27 | 11/01/2018 | 12/03/2018 | 01/01/2019 | 8 | 0 | 0 | 0 | 0 | AutoBill | |
| 01/02/2019 | Payment | 915.00 | -435.20 | -479.80 | 72,458.07 | 12/03/2018 | 01/02/2019 | 02/01/2019 | 8.25 | 0 | 0 | 0 | 0 | AutoBill | |
| 02/01/2019 | Payment | 930.00 | -438.68 | -491.32 | 72,019.39 | 01/02/2019 | 02/01/2019 | 03/01/2019 | 8.25 | 0 | 0 | 0 | 0 | AutoBill | |
| 03/01/2019 | Payment | 930.00 | -474.20 | -455.80 | 71,545.19 | 02/01/2019 | 03/01/2019 | 04/01/2019 | 8.25 | 0 | 0 | 0 | 0 | AutoBill | |
| 04/01/2019 | Payment | 930.00 | -428.70 | -501.30 | 71,116.49 | 03/01/2019 | 04/01/2019 | 05/01/2019 | 8.25 | 0 | 0 | 0 | 0 | AutoBill | |
| 05/01/2019 | Payment | 930.00 | -447.77 | -482.23 | 70,668.72 | 04/01/2019 | 05/01/2019 | 06/01/2019 | 8.25 | 0 | 0 | 0 | 0 | AutoBill | |
| 06/03/2019 | Payment | 930.00 | -402.89 | -527.11 | 70,265.83 | 05/01/2019 | 06/03/2019 | 07/01/2019 | 8.25 | 0 | 0 | 0 | 0 | AutoBill | |
| 07/01/2019 | Payment | 930.00 | -485.30 | -444.70 | 69,780.53 | 06/03/2019 | 07/01/2019 | 08/01/2019 | 8.25 | 0 | 0 | 0 | 0 | AutoBill | |
| 08/01/2019 | Payment | 930.00 | -441.06 | -488.94 | 69,339.47 | 07/01/2019 | 08/01/2019 | 09/01/2019 | 8.25 | 0 | 0 | 0 | 0 | AutoBill | |
| 09/03/2019 | Payment | 930.00 | -412.80 | -517.20 | 68,926.67 | 08/01/2019 | 09/03/2019 | 10/01/2019 | 8.25 | 0 | 0 | 0 | 0 | AutoBill | |
| 10/01/2019 | Payment | 930.00 | -493.78 | -436.22 | 68,432.89 | 09/03/2019 | 10/01/2019 | 11/01/2019 | 7.75 | 0 | 0 | 0 | 0 | AutoBill | |
| 11/01/2019 | Payment | 906.00 | -455.56 | -450.44 | 67,977.33 | 10/01/2019 | 11/01/2019 | 12/01/2019 | 7.75 | 0 | 0 | 0 | 0 | AutoBill | |
| 12/02/2019 | Payment | 906.00 | -458.56 | -447.44 | 67,518.77 | 11/01/2019 | 12/02/2019 | 01/01/2020 | 7.75 | 0 | 0 | 0 | 0 | AutoBill | |
| 01/02/2020 | Payment | 906.00 | -462.04 | -443.96 | 67,056.73 | 12/02/2019 | 01/02/2020 | 02/01/2020 | 7.5 | 0 | 0 | 0 | 0 | AutoBill | |
| 02/03/2020 | Payment | 904.00 | -463.08 | -440.92 | 66,593.65 | 01/02/2020 | 02/03/2020 | 03/01/2020 | 7.5 | 0 | 0 | 0 | 0 | AutoBill | |
| 03/02/2020 | Payment | 904.00 | -520.86 | -383.14 | 66,072.79 | 02/03/2020 | 03/02/2020 | 04/01/2020 | 7.5 | 0 | 0 | 0 | 0 | AutoBill | |
| 04/01/2020 | Payment | 904.00 | -496.70 | -407.30 | 65,576.09 | 03/02/2020 | 04/01/2020 | 05/01/2020 | 6 | 0 | 0 | 0 | 0 | AutoBill | |
| 05/01/2020 | Payment | 849.00 | -525.61 | -323.39 | 65,050.48 | 04/01/2020 | 05/01/2020 | 06/01/2020 | 6 | 0 | 0 | 0 | 0 | AutoBill | |
| 06/01/2020 | Payment | 849.00 | -517.51 | -331.49 | 64,532.97 | 05/01/2020 | 06/01/2020 | 07/01/2020 | 6 | 0 | 0 | 0 | 0 | AutoBill | |
| 07/01/2020 | Payment | 849.00 | -530.76 | -318.24 | 64,002.21 | 06/01/2020 | 07/01/2020 | 08/01/2020 | 6 | 0 | 0 | 0 | 0 | AutoBill | |
| 08/03/2020 | Payment | 848.00 | -500.81 | -347.19 | 63,501.40 | 07/01/2020 | 08/03/2020 | 09/01/2020 | 6 | 0 | 0 | 0 | 0 | AutoBill | |
| 09/01/2020 | Payment | 848.00 | -545.28 | -302.72 | 62,956.12 | 08/03/2020 | 09/01/2020 | 10/01/2020 | 6 | 0 | 0 | 0 | 0 | AutoBill | |
| 02/01/2021 | Payment | 879.00 | 0.00 | -879.00 | 62,956.12 | 09/01/2020 | 11/24/2020 | 03/01/2021 | 6 | 0 | 0 | 0 | 0 | MAUTO | ALAGUE |
| 03/01/2021 | Payment | 879.00 | 0.00 | -879.00 | 62,956.12 | 11/24/2020 | 02/17/2021 | 04/01/2021 | 6 | 0 | 0 | 0 | 0 | AutoBill | |
| 04/01/2021 | Payment | 879.00 | -443.02 | -435.98 | 62,513.10 | 02/17/2021 | 04/01/2021 | 05/01/2021 | 6 | 0 | 0 | 0 | 0 | AutoBill | |

00-Borrower

Page 1



**U.S. Small Business Administration**

# NOTE

| SBA Loan # | PLP - 2620807009 |
|---|---|
| SBA Loan Name | BLACK DRAGON, LLC d/b/a Black Dragon Meadery and DRAGONBYTE LLC |
| Date | 06/04/18 |
| Loan Amount | $75,000.00 |
| Interest Rate | Wall St. Prime (Quarterly) + 2.75 % |
| Borrower | BLACK DRAGON, LLC d/b/a Black Dragon Meadery and DRAGONBYTE LLC |
| Operating Company | N/A |
| Lender | Independence Bank |

1.   PROMISE TO PAY:

In return for the Loan, Borrower promises to pay to the order of Lender the amount of

Seventy-Five Thousand and No/100 _____ Dollars,

interest on the unpaid principal balance, and all other amounts required by this Note.

2.   DEFINITIONS:

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

"Guarantor" means each person or entity that signs a guarantee of payment of this Note.

"Loan" means the loan evidenced by this Note.

"Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

"SBA" means the Small Business Administration, an Agency of the United States of America.



SBA Form 147 (06/03/02) Version 4.1                    This form was electronically produced by PCFS Solutions

3.   PAYMENT TERMS:

Borrower must make all payments at the place Lender designates. The payment terms for this Note are:

The interest rate on this Note will fluctuate.  The initial interest rate is 7.50% per year.  This initial rate is the prime rate in effect on the first business day of the month in which SBA received the loan application, plus 2.75%.  The initial interest rate must remain in effect until the first change period begins unless reduced in accordance with the SOP 50 10.

Borrower must pay principal and interest payments of $890.27 every month, beginning August 1, 2018, and continuing each month thereafter, payments must be made on the first calendar day in the months they are due.

Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce the principal.

The interest rate will be adjusted every calendar quarter (the "change period"), beginning July 1, 2018.  The "Prime Rate" is the prime rate in effect on the first business day of the month (as published in the Wall Street Journal) in which SBA received the application, or any interest rate change occurs.  Base Rates will be rounded to two decimal places with .004 being rounded down and .005 being rounded up.

The adjusted interest rate will be 2.75% above the Prime Rate.  Lender will adjust the interest rate on the first calendar day of each change period.  The change in interest rate is effective on that day whether or not Lender gives borrower notice of the change.

The spread as identified in the Note may not be changed during the life of the Loan without the written agreement of the Borrower. For variable rate loans, the interest rate adjustment period may not be changed without the written consent of the Borrower. Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the note.

If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default.  If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase.

Loan Prepayment:
Notwithstanding any provision in the Note to the contrary:
Borrower may prepay this Note.  Borrower may prepay 20% or less of the unpaid principal balance at any time without notice.  If Borrower prepays more than 20% and the Loan has been sold on the secondary market, borrower must: (a) give Lender written notice; (b) pay all accrued interest; and (c) if prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal 21 days' interest from the date Lender received the notice, less any interest accrued during the 21 days and paid under subparagraph b above.

If Borrower does not prepay within 30 days from the date Lender received the notice, Borrower must give Lender a new notice. All remaining principal and accrued interest is due and payable ten (10) years from the date of Note.
Late Charge:  If a payment on this Note is more than 10 days late, Lender may charge the Borrower a late fee of up to 5% of the unpaid portion of the regularly scheduled payment.

DS
PDP

SBA Form 147 (06/03/02) Version 4.1    This form was electronically produced by PCFS Solutions.

4.  DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

A.  Fails to do anything required by this Note and other Loan Documents;

B.  Defaults on any other loan with Lender;

C.  Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;

D.  Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;

E.  Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;

F.  Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;

G.  Fails to pay any taxes when due;

H.  Becomes the subject of a proceeding under any bankruptcy or insolvency law;

I.  Has a receiver or liquidator appointed for any part of their business or property;

J.  Makes an assignment for the benefit of creditors;

K.  Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;

L.  Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or

M.  Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.

5.  LENDER'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, Lender may:

A. Require immediate payment of all amounts owing under this Note;

B. Collect all amounts owing from any Borrower or Guarantor;

C. File suit and obtain judgment;

D. Take possession of any Collateral; or

E. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6.  LENDER'S GENERAL POWERS:

Without notice and without Borrower's consent, Lender may:

A.  Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;

B.  Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;

C.  Release anyone obligated to pay this Note;

D.  Compromise, release, renew, extend or substitute any of the Collateral; and

E.  Take any action necessary to protect the Collateral or collect amounts owing on this Note.



SBA Form 147 (06/03/02) Version 4.1                This form was electronically produced by PCFS Solutions.

7.   WHEN FEDERAL LAW APPLIES:

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8.   SUCCESSORS AND ASSIGNS:

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.

9.   GENERAL PROVISIONS:

   A.   All individuals and entities signing this Note are jointly and severally liable.
   B.   Borrower waives all suretyship defenses.
   C.   Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.
   D.   Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.
   E.   Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.
   F.   If any part of this Note is unenforceable, all other parts remain in effect.
   G.   To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.



SBA Form 147 (06/03/02) Version 4.1                                        This form was electronically produced by PCFS Solutions

10.   STATE-SPECIFIC PROVISIONS:

None

*PDP*

SBA Form 147 (06/03/02) Version 4.1                                        This form was electronically produced by PCFS Solutions

11.    BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.

BLACK DRAGON, LLC d/b/a Black Dragon Meadery

Signature: _____    Date:

_____    _____

*Paul D. Peterson*

23880B2418CF410...    _____    6/5/2018
Paul D. Peterson                    Manager/Member


DRAGONBYTE LLC

Signature: _____    Date:

_____    _____

*Paul D. Peterson*

23880B2418CF410...    _____    6/5/2018
Paul D. Peterson                    Manager/Member



**U.S. Small Business Administration**

# NOTE

| | |
|---|---|
| SBA Loan # | PLP - 2620807009 |
| SBA Loan Name | BLACK DRAGON, LLC d/b/a Black Dragon Meadery and DRAGONBYTE LLC |
| Date | 06/04/18 |
| Loan Amount | $75,000.00 |
| Interest Rate | Wall St. Prime (Quarterly) + 2.75 % |
| Borrower | BLACK DRAGON, LLC d/b/a Black Dragon Meadery and DRAGONBYTE LLC |
| Operating Company | N/A |
| Lender | Independence Bank |

1.  PROMISE TO PAY:

In return for the Loan, Borrower promises to pay to the order of Lender the amount of

Seventy-Five Thousand and No/100 _____ Dollars,

interest on the unpaid principal balance, and all other amounts required by this Note.

2.  DEFINITIONS:

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

"Guarantor" means each person or entity that signs a guarantee of payment of this Note.

"Loan" means the loan evidenced by this Note.

"Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

"SBA" means the Small Business Administration, an Agency of the United States of America.



SBA Form 147 (06/03/02) Version 4.1                This form was electronically produced by PCFS Solutions

3.  PAYMENT TERMS:

Borrower must make all payments at the place Lender designates. The payment terms for this Note are:

The interest rate on this Note will fluctuate.  The initial interest rate is 7.50% per year.  This initial rate is the prime rate in effect on the first business day of the month in which SBA received the loan application, plus 2.75%.  The initial interest rate must remain in effect until the first change period begins unless reduced in accordance with the SOP 50 10.

Borrower must pay principal and interest payments of $890.27 every month, beginning August 1, 2018, and continuing each month thereafter, payments must be made on the first calendar day in the months they are due.

Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce the principal.

The interest rate will be adjusted every calendar quarter (the "change period"), beginning July 1, 2018.  The "Prime Rate" is the prime rate in effect on the first business day of the month (as published in the Wall Street Journal) in which SBA received the application, or any interest rate change occurs.  Base Rates will be rounded to two decimal places with .004 being rounded down and .005 being rounded up.

The adjusted interest rate will be 2.75% above the Prime Rate.  Lender will adjust the interest rate on the first calendar day of each change period.  The change in interest rate is effective on that day whether or not Lender gives borrower notice of the change.

The spread as identified in the Note may not be changed during the life of the Loan without the written agreement of the Borrower. For variable rate loans, the interest rate adjustment period may not be changed without the written consent of the Borrower. Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the note.

If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default.  If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase.

Loan Prepayment:
Notwithstanding any provision in the Note to the contrary:
Borrower may prepay this Note.  Borrower may prepay 20% or less of the unpaid principal balance at any time without notice.  If Borrower prepays more than 20% and the Loan has been sold on the secondary market, borrower must: (a) give Lender written notice; (b) pay all accrued interest; and (c) if prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal 21 days' interest from the date Lender received the notice, less any interest accrued during the 21 days and paid under subparagraph b above.

If Borrower does not prepay within 30 days from the date Lender received the notice, Borrower must give Lender a new notice. All remaining principal and accrued interest is due and payable ten (10) years from the date of Note. Late Charge:  If a payment on this Note is more than 10 days late, Lender may charge the Borrower a late fee of up to 5% of the unpaid portion of the regularly scheduled payment.

DS
PDP

SBA Form 147 (06/03/02) Version 4.1                                                    This form was electronically produced by PCFS Solutions.

4.  DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

A.  Fails to do anything required by this Note and other Loan Documents;

B.  Defaults on any other loan with Lender;

C.  Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;

D.  Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;

E.  Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;

F.  Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;

G.  Fails to pay any taxes when due;

H.  Becomes the subject of a proceeding under any bankruptcy or insolvency law;

I.  Has a receiver or liquidator appointed for any part of their business or property;

J.  Makes an assignment for the benefit of creditors;

K.  Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;

L.  Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or

M.  Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.

5.  LENDER'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, Lender may:

A. Require immediate payment of all amounts owing under this Note;

B. Collect all amounts owing from any Borrower or Guarantor;

C. File suit and obtain judgment;

D. Take possession of any Collateral; or

E. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6.  LENDER'S GENERAL POWERS:

Without notice and without Borrower's consent, Lender may:

A.  Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;

B.  Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;

C.  Release anyone obligated to pay this Note;

D.  Compromise, release, renew, extend or substitute any of the Collateral; and

E.  Take any action necessary to protect the Collateral or collect amounts owing on this Note.



SBA Form 147 (06/03/02) Version 4.1                    This form was electronically produced by PCFS Solutions.

7.   WHEN FEDERAL LAW APPLIES:

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.


8.   SUCCESSORS AND ASSIGNS:

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.


9.   GENERAL PROVISIONS:

   A.   All individuals and entities signing this Note are jointly and severally liable.

   B.   Borrower waives all suretyship defenses.

   C.   Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

   D.   Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.

   E.   Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.

   F.   If any part of this Note is unenforceable, all other parts remain in effect.

   G.   To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.



SBA Form 147 (06/03/02) Version 4.1                    This form was electronically produced by PCFS Solutions

10.    STATE-SPECIFIC PROVISIONS:

None

*PDP*

SBA Form 147 (06/03/02) Version 4.1                    This form was electronically produced by PCFS Solutions

11.   BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.

BLACK DRAGON, LLC d/b/a Black Dragon Meadery

| Signature: | | Date: |
|---|---|---|

*DocuSigned by:*

*Paul D. Peterson*

23880B2418CF410...
Paul D. Peterson                                           Manager/Member                6/5/2018

DRAGONBYTE LLC

| Signature: | | Date: |
|---|---|---|

*DocuSigned by:*

*Paul D. Peterson*

23880B2418CF410...
Paul D. Peterson                                           Manager/Member                6/5/2018



**U.S. Small Business Administration**

# UNCONDITIONAL GUARANTEE

| SBA Loan # | PLP - 2620807009 |
|---|---|
| SBA Loan Name | BLACK DRAGON, LLC d/b/a Black Dragon Meadery and DRAGONBYTE LLC |
| Guarantor | Paul D. Peterson |
| Borrower | BLACK DRAGON, LLC d/b/a Black Dragon Meadery and DRAGONBYTE LLC |
| Lender | Independence Bank |
| Date | 06/04/18 |
| Note Amount | $75,000.00 |

1. **GUARANTEE:**

   Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2. **NOTE:**

   The "Note" is the promissory note dated 06/04/18 _____ in the principal amount of

   Seventy-Five Thousand and No/100 _____ Dollars.

   from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3. **DEFINITIONS:**

   "Collateral" means any property taken as security for payment of the Note or any guarantee of the Note.

   "Loan" means the loan evidenced by the Note.

   "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.

   "SBA" means the Small Business Administration, an Agency of the United States of America.

4.  LENDER'S GENERAL POWERS:

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A.  Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;

B.  Refrain from taking any action on the Note, the Collateral, or any guarantee;

C.  Release any Borrower or any guarantor of the Note;

D.  Compromise or settle with the Borrower or any guarantor of the Note;

E.  Substitute or release any of the Collateral, whether or not Lender receives anything in return;

F.  Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;

G.  Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and

H.  Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5.  FEDERAL LAW:

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6.  RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:

To the extent permitted by law,

A.  Guarantor waives all rights to:
1)  Require presentment, protest, or demand upon Borrower;
2)  Redeem any Collateral before or after Lender disposes of it;
3)  Have any disposition of Collateral advertised; and
4)  Require a valuation of Collateral before or after Lender disposes of it.

B.  Guarantor waives any notice of:
1)  Any default under the Note;
2)  Presentment, dishonor, protest, or demand;
3)  Execution of the Note;
4)  Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
5)  Any change in the financial condition or business operations of Borrower or any guarantor;
6)  Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
7)  The time or place of any sale or other disposition of Collateral.

C.  Guarantor waives defenses based upon any claim that:
1)  Lender failed to obtain any guarantee;
2)  Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
3)  Lender or others improperly valued or inspected the Collateral;
4)  The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;

5) Lender impaired the Collateral;

6) Lender did not dispose of any of the Collateral;

7) Lender did not conduct a commercially reasonable sale;

8) Lender did not obtain the fair market value of the Collateral;

9) Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;

10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;

11) Lender made errors or omissions in Loan Documents or administration of the Loan;

12) Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor:

13) Lender impaired Guarantor's suretyship rights;

14) Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;

15) Borrower has avoided liability on the Note; or

16) Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7. DUTIES AS TO COLLATERAL:

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

8. SUCCESSORS AND ASSIGNS:

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns.

9. GENERAL PROVISIONS:

A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

B. SBA NOT A CO-GUARANTOR. Guarantor's liability will continue even if SBA pays Lender. SBA is not a co-guarantor with Guarantor. Guarantor has no right of contribution from SBA.

C. SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

D. JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

E. DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

F. FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.

G. LENDER'S RIGHTS CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.

H. ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

I. SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

J. CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

This form was electronically produced by PCFS Solutions

10.  STATE-SPECIFIC PROVISIONS:

None

11.  GUARANTOR ACKNOWLEDGMENT OF TERMS.

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

12.  GUARANTOR NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

Paul D. Peterson

| Signature: | | Date: |
|---|---|---|
| DocuSigned by: *Paul D. Peterson* 23880B2418CF410... Paul D. Peterson | Individually | 6/5/2018 |